[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON LEVY DRONEY AND VITALE'S MOTION FOR SUMMARY JUDGMENT #5
In Motion for Summary Judgment #5, defendants Levy Droney and Joseph Vitale seek summary judgment on grounds of expiration of the statute of limitations with regard to the following counts of the Amended Revised Complaint of the seven vanguard plaintiffs.
 Counts 47, 48, 49, 50 and 51 (breach of fiduciary duty) CT Page 12884
Counts 59, 60, 61, 62 and 63 (negligence)
Counts 120, 121, 122, 123, and 124 (violation of CUTPA)
Counts 32, 36, 40, 44 (intentional misrepresentation)
Counts 71, 75, 79, 83 (negligent misrepresentation)
This court has previously granted motions for summary judgment (Levy Droney and Vitale Motion for Summary Judgment #1, Ruling of September 15, 1999) on the substance of some of the claims listed above: Counts 59-63; Counts 71, 75, 79, and 83; Counts 47-51 against Levy Droney, P.C. and against Joseph Vitale with regard only to duties as legal counsel, and not with regard to alleged duties as an officer and trustee; Counts 120-124 with regard only to CUTPA claims not based on intentional wrongdoing and with regard to Vitale only as to duties as legal counsel and not with regard to alleged duties as an officer and trustee.
The counts identified above that were not the subject of rulings as to substance are thus counts 32, 36, 40, and 44. The claims against Vitale addressed to his obligations as an officer and trustee rather than as legal counsel to East Hill Woods are also before this court with regard to the statute of limitation claim, as are the claims of intentional conduct allegedly violative of CUTPA (a portion of the claims in Counts 120-124)
References to Other Rulings
This court has set forth the applicable standard for review and has discussed in detail some of the claims at issue in this motion in its rulings on Motions for Summary Judgment #1 and #2 and in the motion for summary judgment of Ernst Young decided on September 13, 1999. The court adopts those discussions by reference rather than repeating them in this ruling.
Counts 32, 36, 40, and 44
Vanguard plaintiffs Pollock, Morley, Cederbaum and Massoff allege in these counts that defendants Levy Droney and Joseph Vitale fraudulently failed to disclose the true financial condition of East Hill Woods to the plaintiffs and failed to provide them with "proper financial statements, annual filings CT Page 12885 and disclosure statements meeting the requirements of Connecticut law." This allegation, repeated in each of the counts at issue, alleges intentional nondisclosure in two time periods: the time period up to and including the date of the execution by each plaintiff of a contract with East Hill Woods, and the period thereafter. For convenience, the court will refer to these as "execution" and "post-execution" claims.
The plaintiffs have stated at page 12 of their brief that "(t)he plaintiffs acknowledge that the three year limitation periods in Conn. Gen. Stat § 52-577 and 52-584 apply to the tort claims that are unrelated to the Continuing Care Act." The court rejects the plaintiffs' inference that because an intentional tort is alleged to relate to a disclosure required by the Continuing Care Act, the statute of limitations for that tort is the six-year period applicable to an action brought against a provider of continuing care services for violation of the Act. The three-year statute of limitations applies both to execution claims and post-execution claims unless one of the tolling doctrines pleaded by the plaintiffs applies.
Execution Claims
With regard to these claims, the court adopts its reasoning and rulings on the movants' Motion for Summary Judgment #2, such that summary judgment is granted as to these claims against Levy Droney, P.C. and against Vitale with regard to any duty claimed to arise from his role as legal counsel to East Hill Woods. It is denied as to claims against Vitale with regard to duties claimed to arise from his role as an officer and trustee of East Hill Woods.
Post-execution Claims
The movants have not established according to the standards for summary judgment that these claims arose more than three years before the plaintiffs commenced this action. This motion does not challenge the substance of these claims against the movants but only their timeliness.
Counts 120-124 (CUTPA)
As this court ruled regarding Motion for Summary Judgment #1, entrepreneurial conduct by the movants may violate CUTPA, and those counts remain to the extent that they are based on CT Page 12886 entrepreneurial rather than professional aspects of the movants' efforts on behalf of East Hill Woods.
The Connecticut Supreme Court has ruled in Fichera v. MineHill Corp., 207 Conn. 204, 212 (1988) that the provision in Conn. Gen. Stat. § 42-110g(f) that provides that "(a)n action under this section may not be brought more than three years after the occurrence of a violation of this chapter" precludes constructions concerning the date of discovery of the act or omission that delay the running of that statutory limitation period. The Court in Fichera explicitly rejected a claim that the equitable tolling doctrine of fraudulent concealment could operate to toll the statutory period. Fichera v. Mine Hill Corp.,207 Conn. 216.
The motion is granted as to any CUTPA claim based on any conduct of the defendants in any of their capacities that occurred prior to January 12, 1995. To the extent that the plaintiffs have alleged entrepreneurial CUTPA violations against Levy and against Vitale in his role as legal counsel, and as to any claim of CUTPA violation after that date as to Vitale in his role as officer and trustee, the motion is denied.
Applicability of Tolling Doctrines Relating to Claims AgainstVitale as Officer and Trustee
The material facts are in dispute as to whether defendant Vitale fraudulently concealed facts that would have led the plaintiffs to learn that they had a cause of action against him as an officer and trustee. The seven plaintiffs have filed documents signed by this defendant which a trier of fact could construe as attempts at concealment; and there are material issues of fact as to his participation in the reassurances that the plaintiffs have stated delayed their discovery of their claims.
Conclusion
Summary judgment has previously been granted in favor of Levy Droney, P.C. and in favor of Vitale in his capacity as legal counsel to East Hill Woods as to the vanguard plaintiffs' claims in Counts 47-51, 59-63, and 71-83.
The instant motion for summary judgment is denied as claims against Vitale in his capacity as an officer and trustee of East CT Page 12887 Hill Woods as to all the counts challenged in this motion.
The motion is granted with regard to the vanguard plaintiffs' "execution" claims in Counts 32, 36, 40 and 44 against Levy 
Droney, P.C. and against Vitale in his capacity as legal counsel and denied as to "post-execution" claims and denied as to all claims in these counts against Vitale in his capacity as an officer and trustee.
The motion is granted as to the vanguard plaintiff's claims in Counts 120-124 (CUTPA) concerning events that occurred before January 12, 1995 and denied as to claims within the scope of the ruling on Motion for Summary Judgment #1 that occurred within three years of January 12, 1998.
Beverly J. Hodgson Judge of the Superior Court